**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CIVIL ACTION NO:**

NICOLAS GAMBARDELLA,

Plaintiff,

v. **JURY TRIAL DEMANDED**

BCG IMPORTS LLC and THE COLLECTION LLC.,

Defendants.
_______________________________________/

# COMPLAINT

1. Plaintiff Nicolas Gambardella, a former Service Director at Jaguar Land Rover of Coral Gables, operated by Defendants BCG Imports LLC and The Collection LLC (collectively, the "Dealership" or "Defendants"), brings this action asserting claims of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

2. Specifically, the Dealership forced Mr. Gambardella, age 74, out of the dealership by drastically reducing his compensation, and then hired someone in her 40s at a compensation level comparable to what Mr. Gambardella was earning before the reduction.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADEA.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff Nicolas Gambardella is a former employee of Defendants. At all relevant times herein, Mr. Gambardella met the definition of an "employee."

6. Defendant BCG Imports LLC. is a domestic not-for-profit corporation with its principal place of business located at 200 Bird Road, Coral Gables, Fl. 33146. At all relevant times herein, BCG Imports LLC. met the definition of an "employer."

7. Defendant The Collection LLC. is a domestic not-for-profit corporation with its principal place of business located at 200 Bird Road, Coral Gables, Fl. 33146. At all relevant times herein, The Collection LLC. met the definition of an "employer."

## ADMINISTRATIVE PREREQUISITES

8. On September 10, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Florida Commission on Human Relations ("FCHR"), alleging unlawful age and race discrimination in violation the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title") and the Florida Civil Rights Act of 1992, §§ 760 *et seq*. ("the FCRA").

9. More than 60 days have passed since the filing of the Charge of Discrimination and therefore Plaintiff can bring his ADEA claims in court.

10. Upon issuance of a Notice of Right to Sue, Plaintiff intends to amend to add his Title VII race discrimination claim.

11. Pursuant to FCRA § 760.11(8), Plaintiff intends to add his age and race claims under the FCRA once more than 180 days have passed without there being a determination by the FCHR on whether reasonable cause exists.

## STATEMENT OF FACTS

12. Mr. Nicolas Gambardella is a 74-year-old white male.

13. In August 2022, Mr. Nicolas Gambardella was hired by David Delgado (then General Manager of the Dealership) as the Service Director for a new dealership, Jaguar Land Rover of Coral Gables, operated by BCG Imports LLC and/or The Collection LLC (the "Dealership").

14. In that position, Mr. Gambardella was responsible for building out and running the Dealership's Service Department.

15. Mr. Gambardella was 71 years old and retired at the time, but he agreed to take the position and committed to working three to five years.

16. Mr. Gambardella was only offered the position after Mr. Delgado's preferred candidate (younger Hispanic male) declined the position because that candidate received a promotion at his current employer.

17. Mr. Gambardella's initial salary was $325,000 with the expectation that Mr. Gambardella and the Dealership would later work together to "construct a typical Service Director pay plan consisting of salary, plus commission, and other monthly performance metric."

18. On March 15, 2022, Mark Chizner, Director of Fixed Operations, met with Mr. Gambardella and told him about a new pay plan that would be effective March 1, 2024.

19. The new pay plan, which was created without any consultation, resulted in a projected **one-third decrease** in compensation.

20. The new pay plan was below industry standards for Service Directors at luxury car dealerships and significantly less than the compensation earned by Service Directors at the other dealerships owned by THE COLLECTION (who earn in the high $300s).

21. Mr. Gambardella responded that the new pay plan was unfair and would result in significantly less money.

22. Mr. Chizner responded, "***You are going to retire soon so what does it matter***."

23. The following week Mr. Chizner gave Mr. Gambardella the written pay plan.

24. On April 5, 2024, Mr. Gambardella emailed Mr. Chizner and Mr. Delgado to request a meeting to discuss the new pay plan further.

25. In the email, Mr. Gambardella relayed he was being paid much less than comparable Service Directors and that he was being "treated unfairly and singled out."

26. On April 7, 2024, Mr. Gambardella met with Mr. Chizner and Mr. Delgado.

27. Mr. Gambardella again relayed his belief that the new pay plan was unfair and that it was designed to get him to leave.

28. As someone with years of experience creating pay plans, Mr. Gambardella knew that such a drastic cut in pay for anyone in the industry would be a signal for that person to leave (and got Mr. Chizner and Mr. Delgado to admit such during the meeting).

29. Nothing was done to attempt to restructure the pay plan to increase the pay (for example, the salary could have been gradually decreased as service sales/commissions grew).

30. Instead, Mr. Delgado took the position that the pay plan was fair and told Mr. Gambardella that in a year or two (when he planned to retire) he might be able to get back to what he had been making before.

31. On May 15, 2024, after receiving substantially less money under the new pay plan, Mr. Gambardella submitted his resignation.

32. In the resignation email, Mr. Gambardella noted that Mr. Chizner had lied to him about standardizing all the Service Director pay plans across THE COLLECTION since he was the only one who was affected.

33. Mr. Gambardella's resignation constituted a constructive discharge under the law given the significant cut in pay. *See Horace v. ARIA*, No. 23-12414, 2024 WL 1174398, at *5 (11th Cir. Mar. 19, 2024) ("constructive discharge due to 'an official act reflected in company records' such as 'a reduction in compensation' may also constitute an adverse employment action under certain circumstances.") (citing *Penn. State Police v. Suders*, 542 U.S. 129, 134, 148 (2004) (acknowledging that "an extreme cut in pay" may provide the basis for alleging constructive discharge)).

34. Mr. Gambardella has since learned that Mr. Delgado shared the new pay plan with Priscilla Cascardo, Vice President of Human Resources, before it was given to him, and Ms. Cascardo specifically warned that there could be an age discrimination issue if the new pay plan was given to Mr. Gambardella but not the other younger Service Directors.

35. About a week after the termination, the Dealership hired Lorena Hernandez (Hispanic female in her 40s) as the Service Manager and offered her close to what Mr. Gambardella was making before the reduction in pay.

36. Finally, what happened to Mr. Gambardella appears to be part of a broader plan by Mr. Delgado to eliminate the older long-term employees and replace them with younger and predominantly Hispanic employees.

**<u>FIRST CAUSE OF ACTION</u>**
**(Age Discrimination in Violation of the ADEA)**

37. Plaintiff repeats, reiterates, and re-alleges the factual allegations set forth in paragraphs 12-36, as though fully set forth herein.

38. By the actions described above, among others, Defendants discriminated against Plaintiff because of his age by substantially reducing his pay resulting in a constructive discharge.

39. As direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the ADEA, Plaintiff has suffered, and continues to suffer lost wages and benefits, and emotional distress, for which he is entitled to an award of monetary damages.

40. Plaintiff also seeks liquidated damages and reasonable attorneys' fees and expenses as provided for under the ADEA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, an award of back pay and loss of benefits through the date of trial and front pay and future loss of benefits if the equitable remedies of employment, reinstatement and promotion are not feasible;

B. An award of liquidated damages in an amount to be determined at trial;

C. Prejudgment interest on all amounts due;

D. An award of Plaintiff's reasonable attorneys' fees and costs; and,

E. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 9, 2024

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By: ______________________________
Bryan Arbeit, Bar No. 1010329

8151 Peters Rd, 4th Fl.
Plantation, FL 33324
Tel: (954) 694-9610
barbeit@forthepeople.com

*Attorneys for Plaintiff*